UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RANDY G. COBB,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   NO. 3:13 CV 312 |
| | ) |
| **SUPERINTENDENT,** | ) |
| | ) |
| Respondent. | ) |

### OPINION and ORDER

Randy G. Cobb, a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254 challenging his 2005 attempted murder conviction in Elkhart County under Cause No. 20C01-0407-FA-00087. (DE # 7.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

On direct appeal, the Indiana Court of Appeals set forth the following facts underlying Cobb's conviction, which are presumed correct under 28 U.S.C. § 2254(e)(1):

> Jered Liechty purchased drugs from Randy Cobb at least fifteen times. In fact, Liechty and Cobb had an agreement: Cobb would provide Liechty drugs for his personal use in exchange for Liechty allowing a male nicknamed "DL" to sell drugs from Liechty's apartment located in Elkhart. On one occasion, Cobb agreed to sell Liechty forty dollars worth of drugs on credit. Liechty agreed to repay Cobb once he received his unemployment check, which he anticipated would arrive by mail on October 17, 2003.
>
> On October 17, 2003, Liechty's unemployment check had not arrived when he borrowed five dollars from a friend to purchase alcohol from a local liquor store. Meanwhile, Cobb and an acquaintance, Mike Watkins, observed Liechty walking away from the store with a bag and drove to Liechty's

>residence. When Liechty arrived, Cobb and Watkins were in Liechty's bedroom waiting for him.
>
>Cobb confronted Liechty about the $40.00 debt and asked whether the unemployment check had arrived. Liechty informed Cobb that the check had not arrived and Cobb became upset, complaining that if Liechty had money to purchase alcohol then he had money to pay him. Liechty was unable to produce the money so Cobb retrieved a handgun from his pocket and pointed it at Liechty. Cobb pulled the trigger three times but the gun did not discharge. Cobb responded by saying, "God must be on your side today." Cobb then left the residence to retrieve a "gun that works."
>
>Cobb returned five minutes later with a different handgun and confronted Liechty. Cobb fired a shot at Liechty, which hit him in his right thigh and shattered his femur. Moments later, the two began a struggle for control of the gun. As they wrestled, Watkins, still present at Liechty's residence, hit both men with a baseball bat in an attempt to separate them. At some point during this struggle, the gun was pointed toward Liechty's head and it discharged again, this time striking his ear.

*Cobb v. Indiana*, No. 20A03-0612-CR-616, slip op. at 1 (Ind. Ct. App. Jul. 31, 2007) (internal citations omitted).

Following a jury trial, Cobb was convicted of attempted murder and sentenced to 40 years in prison. (DE # 7 at 1.) He appealed, claiming that the evidence was insufficient to support his conviction. *Cobb*, No. 20A03-0612-CR-616, at 1-2. On July 31, 2007, the Indiana Court of Appeals affirmed his conviction. *Id.* He did not seek transfer to the Indiana Supreme Court or seek review in the U.S. Supreme Court. (DE # 7 at 1.)

On January 11, 2008, Cobb filed a post-conviction petition in state court. (DE # 8 at 71.) In August 18, 2008, he was granted leave to withdraw the petition without prejudice. (*Id.*) He filed a new petition in September 15, 2008, but again sought leave to withdraw it; the petition was dismissed without prejudice on August 5, 2009. (*Id.* at 72.)

2

On December 6, 2010, Cobb filed a third post-conviction petition, which proceeded to an evidentiary hearing. (*Id.*) The petition was ultimately denied. (*Id.* at 70-76.) Cobb appealed, raising one claim: that his trial counsel was ineffective in failing to object to one of the jury instructions. *Cobb v. Indiana*, No. 20A04-1203-PC-117, slip op. at 1 (Ind. Ct. App. Sept. 26, 2012). The Indiana Court of Appeals affirmed the denial of post-conviction relief. *Id.* at 1-2. Cobb filed a petition to transfer to the Indiana Supreme Court, which was denied in March 2013. *Cobb v. Indiana*, 984 N.E.2d 1253 (Ind. Mar. 14, 2013) (Table).

In April 2013, Cobb sought habeas relief in federal court, and later filed an amended petition. (DE # 1, 7.) He raises three claims: his trial counsel was ineffective in failing to object to a jury instruction; the victim committed perjury when he testified that Cobb shot him in the ear; and the prosecutor engaged in misconduct by suborning this allegedly perjured testimony. (DE # 7 at 3-4.)

Cobb's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Cobb's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. Cobb's conviction was affirmed by the Indiana Court of Appeals in July 2007, and he did not seek further review. (DE # 7 at 1.) Thus, his conviction became final when the time for seeking review in the Indiana Supreme Court expired in August 2007. *See* IND. APP. R. 57(C)(1) (petition to transfer to Indiana Supreme Court must be filed within 30 days of appellate court judgment); *Gonzalez v. Thaler*, 132 S. Ct. 641, 655-56 (2012) (when a habeas petitioner does not complete all levels of state review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking further review expires).

4

Therefore, Cobb had until August 2008 to file a timely federal petition, absent any period of tolling. Cobb had post-conviction petitions pending in state court from January 2008 to August 2008, and again from September 2008 to August 2009, which tolled the deadline under 28 U.S.C. § 2244(d)(2). However, after his post-conviction petition was dismissed without prejudice in August 2009, he waited until December 6, 2010, to file a new petition. (DE # 8 at 72.) He thus had nothing pending in state court for more than a year, during which time the federal deadline elapsed. The state court's subsequent denial of post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009)

Cobb has not provided any grounds for excusing the untimeliness of his petition and, instead, when asked to explain why his petition is timely, simply lists the relevant dates. (*See* DE # 7 at 5.) As recounted above, however, a review of the relevant dates shows that the petition was not timely filed. Accordingly, Cobb's petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

As explained above, Cobb's petition is untimely. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Cobb to proceed further. Accordingly, the court declines to issue Cobb a certificate of appealability.

For these reasons, the amended petition (DE # 7) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED.**

Date: June 18, 2013

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT